**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| US FOODS, INC., a Delaware corporation,    ) | |
|    ) | |
|       Plaintiff,    ) | |
|    ) | |
|      v.    ) | Case No. 1:23-cv-04790 |
|    ) | |
| BOSTON MARKET CORPORATION, a    ) | Hon. Manish S. Shah |
| Delaware corporation, ENGAGE BRANDS,    ) | |
| LLC, a Delaware limited liability corporation,    ) | |
| and JIGNESH N. PANDYA, IV, an    ) | |
| individual,    ) | |
|    ) | |
|      Defendants.    ) | |

**MOTION FOR ENTRY OF DEFAULT AND**
**DEFAULT JUDGMENT AGAINST DEFENDANTS**

US Foods, Inc. ("US Foods"), by and through its undersigned counsel, hereby moves this Court pursuant to Federal Rule of Civil Procedure 55 for entry of an order: (i) of default against defendants Boston Market Corporation, Engage Brands, LLC, and Jignesh N. Pandya, IV (collectively, the "Defendants") due to Defendants' failure to file a responsive pleading or otherwise defend against the complaint filed in the above-captioned action within the time proscribed by the Federal Rules; and (ii) of default judgment against the Defendants. In support of this Motion, US Foods respectfully states as follows:

**JURISDICTION AND VENUE**

1.     This Court has subject matter jurisdiction over this action because US Foods' claims for relief under the Perishable Agricultural Commodities Act ("PACA"), 7 U.S.C. § 499e, and the implementing regulations of the U.S. Department of Agriculture ("USDA"), 7 C.F.R. § 46.1 *et seq*., present a federal question pursuant to 28 U.S.C. § 1331. (ECF No. 1 ¶ 3.)

2.     This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over all claims arising out of state law asserted in the Complaint because such claims are so related to the PACA claims that they form part of the same case or controversy under Article III of the United States Constitution. (*Id.* ¶ 4.)

3.     Jurisdiction and venue are proper in this Court because this dispute arises out of Defendants' breaches of a promissory note and guaranty which states, in relevant part, that "Maker submits to the exclusive jurisdiction of all state and federal courts sitting in the State of Illinois and all actions and proceedings arising out of or relating to this Note shall be heard and determined in a state or federal court in the State of Illinois." (*Id.*, Ex. A ¶ 10; Declaration of Kerry Carlson, Ex. C, attached hereto as Exhibit 1.)

4.     Venue also is proper pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to US Foods' claims occurred in Cook County, Illinois, where US Foods' principal place of business is located. (Complaint ¶ 6.) Cook County, Illinois is within the geographical boundaries of the Northern District of Illinois. (*Id.*)

## BACKGROUND

5.     On July 24, 2023, US Foods filed a complaint in this action against the Defendants. (ECF No. 1.) The Complaint asserts four counts against the Defendants:

    i.    Count I: Enforcement of PACA trust against Boston Market, seeking judgment in the amount of $1,538,418.75 plus interest. (Complaint ¶¶ 40-50.)

    ii.    Count II: Unlawful Dissipation of Trust Assets by an Officer against Pandya, seeking judgment in the amount of $1,538,418.75 plus interest. (*Id.* ¶¶ 51-57.)

    iii.    Count III: Breach of Contract (Note) against Boston Market, seeking judgment in the amount of at least $11.3 million, plus a late payment charge of 5%, deferred interest, attorneys' fees, costs, and interest. (*Id.* ¶¶ 58-66.)

    iv.    Count IV: Breach of Guaranty against Engage Brands, seeking judgment in the amount of at least $11.3 million relating to the Note, plus a late payment charge of 5%, deferred interest, attorneys' fees, costs, and interest. (*Id.* ¶¶ 67-73.)

v.    Count V: Breach of Contract (Distribution Agreements) against Boston Market, seeking judgment in the amount of at least $300,000 of "Additional Indebtedness" and at least $2 million for Proprietary Products, plus interest, attorneys' fees, and costs. (*Id.* ¶¶ 74-83.)

6.    On July 27, 2023, US Foods served Boston Market and Engage Brands with a copy of the Summons and Complaint on their registered agent, The Corporation Trust Company, 1209 Orange Street, Wilmington, DE 19801. (ECF Nos. 8-9; Declaration of David J. Doyle ¶ 4, attached hereto as Exhibit 2.)

7.    Pursuant to Federal Rule 12(a)(1)(A), Boston Market and Engage Brands' original deadline to answer or otherwise respond to the complaint was 21 days after service, or August 17, 2023. Neither defendant filed a responsive pleading by this deadline.

8.    On September 18, 2023, counsel for the Defendants stipulated to accept service of the Complaint and Summons as to Defendant Pandya via e-mail and the parties further stipulated to a responsive pleading deadline of October 9, 2023 for all three defendants. (ECF No. 12.)

9.    Subsequently, counsel for Defendants requested an additional extension of time and US Foods agreed to a further short extension to October 13, 2023. (Exhibit 2 ¶ 6.) As of the filing of this Motion, almost four weeks have elapsed since that date, and Defendants have neither entered an appearance nor filed a responsive pleading to the complaint. They also failed to meet the Court's October 31, 2023 initial disclosure deadline.

## **RELIEF REQUESTED**

10.    Although US Foods properly filed and served the complaint, the Defendants have not entered an appearance or otherwise responded as required by Federal Rule of Civil Procedure 12(a)(1)(A). Accordingly, and as set forth in greater detail below, US Foods respectfully requests: (i) entry of an order of default against the Defendants; and (ii) entry of default judgment against the Defendants on all five counts of the Complaint.

I.      **Entry of Default Under Federal Rule 55(a)**

11.     Federal Rule 55(a) provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default." Fed. R. Civ. P. 55(a). The Seventh Circuit has held that a default also may be entered by the Court. *Breuer Elec. Mfg. Co. v. Toronado Sys. Of Am., Inc.*, 687 F.2d 182, 185 (7th Cir. 1982)

12.     Under Federal Rule 4(h)(1)(B), a domestic corporation may be served in a judicial district of the United States "by delivering a copy of the summons and of the complaint to . . . any other agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(h)(1)(B). Delaware corporations and limited liability companies may be served with process by delivering a copy of the pleading personally to the registered agent. *See* 8 Del. Code § 321(a); § 6 Del. Code § 18-105(a).

13.     US Foods served Boston Market and Engage Brands' registered agent, The Corporation Trust Company, 1209 Orange Street, Wilmington, DE 1980, with a copy of the Complaint and Summons on July 24, 2023. (ECF Nos. 8-9; Exhibit 2 ¶ 4.) Accordingly, US Foods properly served such Defendants with the Complaint and Summons on July 24, 2023.

14.     On September 18, 2023, counsel for Defendant Pandya stipulated to accept service via e-mail and acknowledged acceptance of service with like effect as personal service. *See* ECF No. 12.

15.     Defendants have failed to answer, respond to, or defend against the Complaint within the multiple extended periods agreed to by US Foods. (Exhibit 2 ¶¶ 5-7.) Indeed, in its most recent order, the Court noted that Defendants "have not responded to the complaint by the stipulated deadline." (ECF No. 16.)

16.     Accordingly, US Foods respectfully requests that the Court enter the Defendants' default in this action.

## II.     Entry of Default Judgment Under Federal Rule 55(b)

17.     When default is entered against a party, the "basic effect of an entry of default" is "the well-pleaded allegations of a complaint relating to liability are taken as true," and "[t]he defaulting party cannot contest the fact of his liability unless the entry of default is vacated under Rule 55(c)." *VLM Food Trading Int'l, Inc. v. Ill. Trading Co.*, 811 F.3d 247, 255 (7th Cir. 2016) (internal quotation marks and citations omitted).

18.     US Foods is entitled to a default judgment against the Defendants on Counts I, II, III, IV, and V of the Complaint, in the amounts identified in this Motion, which are sums supported by affidavit.

19.     First, US Foods is entitled to default against the Defendants as requested in Section I of this Motion above. *See VLM Food*, 811 F.3d at 255 (explaining entry of default is step one in the two stages of a default proceeding).

20.     Second, the Defendants have not appeared personally, filed an appearance, filed an answer, or filed any other responsive pleading or otherwise defended against this action.

21.     Third, the Defendants are neither an unrepresented infant nor an incompetent person who has failed to appear in this action. *See* Fed. R. Civ. P. 55(b)(2); Exhibit 2 ¶¶ 8-10.

22.     Finally, Counts I, II, III, IV, and V seek sums that can be made certain by computation of damages as set forth below.

A. **Enforcement of PACA Trust Against Boston Market (Count I)**

23. US Foods sold perishable agricultural commodities (the "Produce"), as defined by PACA, to Boston Market for which Boston Market has not paid US Foods in the principal amount of $1,538,418.75. (Exhibit 1¶ 7; Complaint ¶¶ 41-46.)

24. US Foods also is entitled to interest at a rate of 1.5% per month on all unpaid balances. (Exhibit 1 ¶ 9; Complaint ¶ 46.)

25. Interest accrued on the Produce through the date of filing this Motion totals $253,839.09. (Exhibit 1¶ 9.)

26. Per diem interest on the Produce after the date of this Motion through the date of entry of default judgment is $758.67. (*Id.* ¶ 10.)

27. The calculations set forth above constitute sums certain to which US Foods is entitled in a default judgment against Boston Market. *See Design & Dev., Inc. v. Vibromatic Mfg., Inc.*, 58 F.R.D. 71, 74 (E.D. Pa. 1973) ("In this case it was proper for the clerk to enter judgment for the principal amount ($10,000), plus interest at the legal rate of 6% from the date of default to the date of the entry of the default judgment ($100), and for costs ($21.24), for they were 'for a sum certain or for a sum which could by computation be made certain.")

28. Accordingly, US Foods is entitled to final judgment in its favor and against Boston Market on Count I of the Complaint in the amount of $1,792,257.84, plus $758.67 per diem interest through the date of entry of default judgment.

B. **Unlawful Dissipation of Trust Assets by an Officer Against Pandya (Count II)**

29. At all times relevant to the Complaint, Pandya was an officer of Boston Market and in a position of control over the PACA trust assets belonging to US Foods and had the authority

to direct payment of Boston Market's operating funds and to direct application or disposition of the PACA trust assets. (Complaint ¶¶ 52-53.)

30.     As an officer with the ability to direct or control PACA trust assets, Pandya was a statutory trustee with the duty to safeguard PACA trust assets and maintain the trust assets in a manner to ensure sufficient trust assets to satisfy all outstanding PACA trust obligations owed to US Foods. (*Id.* ¶ 54.)

31.     Pandya failed to direct Boston Market to fulfill his statutory duties to preserve PACA trust assets and to pay US Foods for the Produce it supplied and, accordingly, is liable to US Foods for unlawful dissipation of trust assets and breach of fiduciary duties in the amount of $1,792,257.84, plus $758.67 per diem interest. (*Id.* ¶ 57; Exhibit 1 ¶¶ 7-10.)

**C.     Breach of Contract (Note) Against Boston Market (Count III)**

32.     On or about January 23, 2023, Boston Market entered into a valid and enforceable secured promissory note (the "Note") in favor of US Foods in the principal sum of $11,655,462.00, representing amounts then due to US Foods for certain goods and services delivered on or before January 17, 2023. (Exhibit 1 ¶ 11; Complaint ¶ 19.)

33.     Boston Market made payments totaling $1,150,944.60 on the Note, but as of the date of this Motion $10,504,517.30 in principal remains outstanding. (Exhibit 1 ¶ 16; Complaint ¶ 19.)

34.     Boston Market agreed to pay interest accruing from January 17, 2023, at a rate of 7%, equal to $807,400.17 (the "Deferred Interest"), upon default on the Note. (Exhibit 1 ¶ 13; Complaint ¶¶ 23-25.)

35.     Boston Market also owes US Foods late payment charges of 5% of the aggregate payments due on any payment made more than three days after its due date, which totals

$481,457.04 as of the date of this Motion and accrues at a per diem rate of $1,438.97. (Exhibit 1 ¶ 17; Complaint ¶ 26.)

36.     In addition to the Deferred Interest and late payment charges, Boston Market agreed to reimburse US Foods for "any and all costs and expenses, attorneys' fees incurred to collect fees, and court costs, if any, incurred by US Foods in connection with the enforcement or collection of this Note, together with interest on all such expenses paid by US Foods at the rate of 18 percent (18%) per annum." (Exhibit 1, Ex. C ¶ 7; Complaint ¶ 26.)

37.     Through October 31, 2023, US Foods has incurred costs, expenses, and attorneys' fees of $105,442.40 in connection with enforcement and collection of the Note. (Exhibit 2 ¶ 10.)

38.     Interest accrued on such costs, expenses, and attorneys' fees through the date of filing this Motion totals $6,432.32. (Exhibit 1 ¶ 19.)

39.     Per diem interest on the costs, expenses, and attorneys' fees after the date of this Motion through the date of entry of default judgment is $52.00. (Exhibit 1 ¶ 20.)

40.     In total, US Foods is entitled to default judgment against Boston Market for breach of contract on the Note in the amount of $11,905,249.23, plus per diem interest through the date of entry of judgment, calculated as follows:

| | |
|---|---|
| Principal | $10,504,517.30 |
| Deferred Interest | $807,400.17 |
| Late Payment Charges | $481,457.04 |
| Costs, Expenses, and Attorneys' Fees | $105,442.40 |
| Interest on Costs, Expenses, and Attorneys' Fees | $6,432.32 |
| **Total:** | **$11,905,249.93** |

(Exhibit 1, Ex. E; Exhibit 2 ¶ 10.)

41.     The calculations set forth above constitute sums certain to which US Foods is entitled in a default judgment against Boston Market.

42.     Accordingly, US Foods is entitled to final judgment in its favor and against Boston Market on Count III of the complaint in the amount of $11,905,249.93, plus additional per diem interest through the date of entry of default judgment.

**D.     Breach of Contract (Distribution Agreements) Against Boston Market (Count V)**

43.     US Foods and Boston Market are parties to certain distribution agreements dated June 9, 2019, as amended, and August 5, 2019 (the "Distribution Agreements") by which US Foods agreed to sell certain produce and other food and food-related products and services to Boston Market. (Exhibit 1 ¶ 21; Complaint ¶ 12.)

44.     On and after January 17, 2023, US Foods continued to sell food and food-related products and services (the "Additional Indebtedness") and certain proprietary products (the "Proprietary Products") to Boston Market pursuant to the terms of the Distribution Agreements. (Exhibit 1 ¶ 22; Complaint ¶¶ 77-78.)

45.     As of the date of this Motion, Boston Market has failed to pay for Additional Indebtedness pursuant to the Distribution Agreements in the principal amount of $2,445,279.25. (Exhibit 1 ¶ 23.)

46.     Interest accrued on the Additional Indebtedness through November 6, 2023 totals $231,078.89. (*Id.* ¶ 24.)

47.     Per diem interest on the Additional Indebtedness after the date of this Motion through the date of entry of default judgment is $1,215.88. (*Id.* ¶ 25.)

48.     Boston Market has failed to fulfill its contractual obligation to purchase the remaining inventory of Proprietary Products or to arrange for another distributor to purchase the Proprietary Products from US Foods at previously negotiated contract prices pursuant to the terms of the Distribution Agreements. (Exhibit 1 ¶ 26; Complaint ¶¶ 79-80.)

49.     As of the date of this Motion, US Foods has invoiced Boston Market for $2,039,590.20 in Proprietary Products for which it has not paid US Foods or arranged for another distributor to purchase, which amount has been incorporated into the calculation of Additional Indebtedness. (Exhibit 1 ¶ 27.)

50.     The Distribution Agreements further provide that, upon a material default, the non-defaulting party is entitled to "reasonable attorneys' fees and costs of suit incurred whether or not a suit is commenced". (*Id.* ¶ 24.)

51.     Through October 31, 2023, US Foods has incurred costs, expenses, and attorneys' fees of $105,442.40 in connection with enforcement and collection of amounts due under the Distribution Agreements. (Exhibit 2 ¶ 10.)

52.     In total, US Foods is entitled to default judgment against Boston Market for breach of contract on the Distribution Agreements in the amount of $2,676,358.14, plus per diem interest through the date of entry of judgment, calculated as follows:

| | |
|---|---|
| Additional Indebtedness | $2,445,279.25 |
| Interest on Additional Indebtedness | $231,078.89 |
| Costs, Expenses, and Attorneys' Fees | $105,442.40 |
| **Total:** | **$2,781,800.54** |

(Exhibit 1 ¶ 27; Exhibit 2 ¶ 11.)

53.     The calculations set forth above constitute sums certain to which US Foods is entitled in a default judgment against Boston Market.

54.     Accordingly, US Foods is entitled to final judgment in its favor and against Boston Market on Count V of the complaint in the amount of $2,781,800.54, plus per diem interest through the date of entry of default judgment.

**E.     Breach of Guaranty Against Engage Brands (Count IV)**

55.     As part of the Note, Engage Brands executed a guaranty (the "Corporate Guaranty") of prompt payment and performance of all amounts due by Boston Market to US Foods under the Note, which is due and immediately payable upon the occurrence of any event of default. (Exhibit 1 ¶ 28; Complaint ¶ 28.)

56.     The Note also provides that upon an event of default, US Foods may declare the entire unpaid principal balance, plus liquidated damages and all other sums due under the Note immediately due and payable. (Exhibit 1 ¶ 30.)

57.     Accordingly, based on the computations set forth above, Engage Brands owes US Foods the sum of $11,905,249.93 on account of the Corporate Guaranty, calculated as follows:

| | |
|---|---|
| Principal | $10,504,517.30 |
| Deferred Interest | $807,400.17 |
| Late Payment Charges | $481,457.04 |
| Costs, Expenses, and Attorneys' Fees | $105,442.4 |
| Interest on Costs, Expenses, and Attorneys' Fees | $6,432.32 |
| **Total:** | **$11,905,249.93** |

(Exhibit 1 ¶ 31; Exhibit 2 ¶ 11.)

58.     The calculations set forth above constitute sums certain to which US Foods is entitled in a default judgment against Engage Brands.

59.     Accordingly, US Foods is entitled to final judgment in its favor and against Engage Brands on Count IV of the complaint in the amount of $11,905,249.93, plus per diem interest through the date of entry of default judgment.

**WHEREFORE**, for the reasons stated herein, US Foods respectfully requests that the Court issue an order:

(a)     Defaulting the Defendants for failing to answer or otherwise respond to the complaint in the time and manner proscribed by Federal Rule 12(a)(1)(A);

(b)    Entering default judgment against Boston Market and in favor of US Foods on Count I of the complaint in the amount of $1,792.257.84, plus per diem interest of $758.67 through the date of judgment and post-judgment interest;

(c)    Entering default judgment against Jignesh N. Pandya, IV and in favor of US Foods on Count II of the complaint in the amount of $1,792,257.84, plus per diem interest of $758.67 through the date of judgment and post-judgment interest;

(d)    Entering default judgment against Boston Market and in favor of US Foods on Count III of the complaint in the amount of $11,905,249.93, plus per diem interest of $1,490.97 through the date of judgment and post-judgment interest;

(e)    Entering default judgment against Engage Brands and in favor of US Foods on Count IV of the complaint in the amount of $11,905,249.93, plus per diem interest of $1,490.97 through the date of judgment and post-judgment interest;

(f)    Entering default judgment against Boston Market and in favor of US Foods on Count V of the complaint in the amount of $2,781,800.54, plus per diem interest of $1,215.88 through the date of judgment and post-judgment interest; and

(g)    Granting US Foods such other and further relief as the Court deems just and proper.

Dated:  November 9, 2023 US FOODS, INC.

By: /s/ David J. Doyle
    One of Its Attorneys

David J. Doyle
Shelly A. DeRousse
Elizabeth L. Janczak
SMITH GAMBRELL & RUSSELL LLP
311 South Wacker Drive, Suite 3000
Chicago, Illinois 60606-6677
Telephone:  312.360.6000
Facsimile:  312.360.6520
ddoyle@sgrlaw.com
sderousse@sgrlaw.com
ejanczak@sgrlaw.com

*Attorneys for Plaintiff*