United States District Court
For The Northern District Of Illinois
Eastern Division

| | |
|---|---|
| US Foods Inc., <br><br> Plaintiff, <br><br> v. <br><br> Boston Market Corporation, et al., <br><br> Defendants. | No. 23 CV 4790 <br><br> Judge Manish S. Shah |

### Order

The motion for entry of default judgment [17] is granted, and the motion to strike [34] is granted. Plaintiff may submit a proposed default judgment order to proposed_order_shah@ilnd.uscourts.gov. A status hearing is set for February 1, 2024 at 9: 30 a.m. in Courtroom 1919.

### Statement

Plaintiff US Foods filed suit against defendants on July 24, 2023, and served the corporate defendants a few days later. [1]; [8]; [9].* The corporate defendants' response to the complaint was due on August 17, 2023. [8]; [9]. They did not respond in August, and plaintiff sought permission for alternative service on the individual defendant Jignesh Pandya. [10]. That motion included proof that Pandya was intentionally evading service. [10-1]. In September, an attorney accepted service for Pandya and agreed that all defendants would respond to the complaint by October 9, 2023. [12]. The defendants did not respond as promised. Plaintiff filed a motion for default judgment and counsel for defendants entered an appearance. I ordered defendants to respond to the motion for entry of default judgment and to file a response to the complaint by December 6. Defendants complied with that schedule and the motion for default judgment is now fully briefed.

Although an order of default under Federal Rule of Civil Procedure 55 was not formally entered, the defendants were in technical default. I gave them permission to answer the complaint not because defendants were no longer in default, but so they could demonstrate that they genuinely intended to cure the default. [26] at 5–6, 8–9 (finding defendants in technical default but giving them an opportunity to explain why I should let them litigate the case). Under Rule 55(c), a party seeking to vacate

---

* Bracketed numbers refer to entries on the district court docket.

the entry of default must show good cause for the default, quick action to correct it, and a meritorious defense to the complaint. *Cracco v. Vitran Exp., Inc.*, 559 F.3d 625, 630 (7th Cir. 2009). A court has inherent authority to manage judicial proceedings and regulate bad-faith litigation conduct through the imposition of default judgment. *See Ramirez v. T&H Lemont, Inc.*, 845 F.3d 772, 776 (7th Cir. 2016); *see also Secrease v. W. & S. Life Ins. Co.*, 800 F.3d 397, 401 (7th Cir. 2015) (inherent powers are symmetrical; they apply to default judgments against defendants as well as to dismissals against plaintiffs).

Defendants say they could not respond on time to the complaint because they could not find local counsel. [23] at 1 ("Defendants missed a deadline due to Defendants' inability to timely engage local counsel."). But the United States District Court for the Northern District of Illinois abrogated its rule requiring local counsel on July 6, 2023. *See* General Order 23-0021. The absence of local counsel was no reason for the corporate defendants to miss their original August deadline or for all defendants to break their promise to respond to the complaint by October 9, 2023. There was no good cause for delay.

I credit the evidence in support of the motion for alternative service; there was an adult who could have accepted service for Pandya at his residence in September but refused, and Pandya knew about the process server, spoke to him, promised to call him back, but did not. [10-1] at 3. From this, I conclude that Pandya intentionally evaded service, and the failure of all defendants to timely attend to this litigation was purposeful, with no valid excuse for delay. Defendants acted in bad faith to avoid this case.

Default judgment is a harsh sanction and cases should be resolved on the merits; the test for vacating the entry of default before the entry of judgment should be liberally applied. But here, defendants' bad faith colors the inquiry. They intentionally dodged their obligations to the court and plaintiff for months (measured from the time of service on the corporate defendants). PACA cases move quickly, so although a few months or weeks is not a long time in most high-dollar lawsuits, in a PACA case it is a long time. Failure to pay for perishable goods is conduct that federal courts often remedy through quick injunctions. Although plaintiff did not pursue an injunction or an asset freeze, the PACA context nevertheless renders defendants' delay here unreasonable. They did not take quick action to correct their default.

Defendants' potentially meritorious defenses are, on closer look, gossamer. There is no dispute that US Foods delivered goods subject to a PACA trust, Boston Market didn't pay, and Pandya was an officer with sufficient authority to subject him to PACA liability. And there is no real dispute that all defendants incurred the claimed debts pursuant to PACA, the Note and Guaranty, or the Distribution Agreement. What defendants say in opposition to judgment (and in their answer and counterclaim) is that US Foods overcharged them, didn't maintain adequate supply,

or delivered inferior goods, so defendants should not have to pay their debt. But as plaintiff points out, the parties' contracts contain provisions for those kinds of disputes and defendants do not offer any evidence or argument that they invoked those provisions. The affirmative defenses have no content to put plaintiff or the court on notice that there's anything to back up conclusory bluster. The suggestion that US Foods coerced Boston Market into conceding the validity of the $11 million debt is implausible. Defendants offer no basis to infer anything other than ordinary business negotiations between sophisticated parties. The counterclaim cites voluminous spreadsheets, suggesting that dueling accountants could debate who owes what to whom. But based on timing, most of defendants' accusations are irrelevant to plaintiff's claim under the Note, and defendants offer no explanation for their waiver of the parties' agreed-upon procedures for resolving disputes. Defendants add that they are still investigating, but that suggests continued lack of diligence. Any investigation should've been done before things got this far.

The amount sought in damages is a large sum, but for a company with a national brand identity, it is not disproportionate to the willful disregard defendants have shown for this litigation. True, since November defendants have complied with the court's scheduling orders, but that is too little, too late. The recent compliance was not accompanied by a demonstration of defendants' good faith before November or a meaningful showing of meritorious grounds to litigate the case. Defendant Pandya's short-lived detour through bankruptcy court looks to be another delay tactic and a sign that he has no interest in genuinely participating in this litigation.

For these reasons, the court grants plaintiff's motion for entry of default judgment and its motion to strike. The court strikes in its entirety defendants' answer, affirmative defenses, and counterclaim as a sanction for their default of this case.

ENTER:

Date: January 29, 2024

Manish S. Shah
U.S. District Judge